IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THIS AND THAT SERVICES CO., INC., | : | C.A. No. S18A-10-003 CAK |
| | : | |
| Employer-Below, Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND NIEVES, | : | |
| | : | |
| Claimant-Below, Appellee. | : | |

*Citation on Appeal from the Decision of the Industrial Accident Board dated 09/20/18 - Hearing No. 1453333*

**REVERSED AND REMANDED**

Submitted: May 21, 2019
Decided: June 7, 2019

**<u>MEMORANDUM OPINION</u>**

John J. Ellis, Esquire, Heckler & Frabizzio, P.A., 800 Delaware Ave., Ste 200, Wilmington, DE 19899; Attorney for Employer-Below/Appellant.

Walt F. Schmittinger, Esquire, Schmittinger & Rodriguez, P.A., 414 South State Street, Dover, DE 19903; Attorney for Claimant-Appellee.

KARSNITZ, J.

This case involves an "appeal" of a Utilization Review (the UR process) decision to the Industrial Accident Board ("Board"). I use quotation marks around the word appeal because the parties dispute the nature of the proceeding and whether it is a true appeal. In any event Employer challenged its responsibility to pay for medical expenses including medication incurred by its employee as a result of treatment for his work accident. As required by Delaware Worker's Compensation law[1] Employer initiated the UR process. Unsatisfied with the decision of the UR evaluator Employer requested review by the Board. In due course the parties prepared for a Board hearing, including the taking of medical witness depositions. Just prior to the scheduled hearing Claimant filed a motion *in limine* and motion to dismiss because, according to Claimant, events subsequent to the filing of the "appeal" rendered it moot.

The Board considered the motions on the day scheduled for the hearing and granted them both. The Board granted the motion *in limine* to limit any hearing to one set of prescriptions issued by one of Claimant's treating doctors, Dr. Balu, in June of 2017. The motion was based upon Claimant's surgery in August, 2017 which according to Claimant changed everything. The Board's ruling on this issue was without comment. After being advised that

---

[1] See 19 *Del. C.* 2322F(j)

Employer had paid for Dr. Balu's office visit, the Board granted Claimant's motion to dismiss the appeal as being moot.

On the record before me the issue concerning payment for the medication is still unresolved. As a result I am of the opinion that it is not moot, and reverse the decision of the Industrial Accident Board, and remand the case for the Board to hear and decide the issues between the parties.

## FACTS

Many of the facts are undisputed and unnecessary for consideration in this opinion. Employer sought utilization review of all treatment by Dr. Balu including his prescription for pain medications. The reviewer found all of the treatment reasonable and necessary and approved it. The Employer then "appealed" the reviewer's decision, but in the course of the appeal narrowed the issue to a challenge of only the prescription for pain medications. The parties filed a stipulation with the Board which stated that the issues to be considered by the Board "...include whether narcotic medication as part of Claimant (sic) pain management treatment from 6/13/17 and on going has been reasonable and necessary".

Claimant filed a motion *in limine* to exclude all claims following his surgery, performed in August 2017, and a motion to dismiss claiming the issue before the Board was moot. In support of the mootness defense Claimant through

counsel provided the Board with unauthenticated records showing the Employer paid for the office visit with Dr. Balu. It was following that visit that Dr. Balu prescribed the medication at issue. The Board decided that payment for the office visit mooted the issues and dismissed the case.

## ANALYSIS

### 1. An Actual Controversy Existed

As conceded by Claimant's counsel at oral argument, no factual record exists to support the claim that Employer paid for the medication in question. The only factual record created included the payment records supplied by Claimant's attorney. According to the transcript before the Board, the records showed payment for Dr. Balu's office visit, but nothing about the prescription expense.

Employer's counsel made abundantly clear that the only issue was payment for the prescription of narcotic medication. The Board with little explanation granted the motion to dismiss. It is unclear from the transcript the Board's position on the motion *in limine*. In a form of order provided by Claimant's attorney, the Board granted the motion *in limine*. In granting the motion to dismiss the order stated the treatment by Dr. Balu was paid by the carrier.

The difficulty I have with Claimant's position is that the narrow issue raised by Employer ,whether prescriptions for pain medication was reasonable and necessary, never was decided. Because the Board had no evidence of payment for the expenses, that issue remained outstanding. The parties had a real, albeit narrow, issue. An actual controversy exists when "...one side makes a claim of a present specific right and the other side makes an equally definitive claim to the contrary."[2] An actual controversy exists here.

### 2. The Process of Proving Payment

Employer raised a process claim concerning how Claimant "proved" payment of medical bills. Bills are documents which must be authenticated. See generally Delaware Uniform Rules of Evidence Rule 901 and Rule 902. I agree with Employer that relaxed rules before the Industrial Accident Board does not mean no rules. It seems relatively easy and cheap to have medial bills or records self-authenticated. My determination as to the mootness issue makes this argument moot.

### 3. The Attorney's Fee Issue

The Board awarded an attorney's fee with only the explanation that it found the award reasonable under the circumstances and the _Cox_ factors. While this issue is also moot, to sustain a fee award I would need more as to why it was

---

[2]_Goldberg v. Rehoboth Beach_, 565 A.2d 936 (Del. Super. Ct. 1989)

reasonable and in accordance with *Cox*.

## SUMMARY

Because a real and current dispute existed as to payment for medication, I find the Board erred in dismissing the case as moot. The case is remanded for the Board to determine the issue.

IT IS SO ORDERED.

_____
Craig A. Karsnitz